**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**HOUSE OF JOPPA**, **LLC,** a Michigan limited liability company,

Plaintiff,

v.

**THE LITTLE CATHOLIC, LLC**, a California limited liability company, and **PRISCILLA HUERTA** a/k/a Priscilla Durant, a resident of California,

Defendants.

Case No.

JURY TRIAL DEMANDED

**COMPLAINT AND JURY DEMAND**

---

RIVENOAK LAW GROUP, P.C.
Catherine T. Dobrowitsky (P63245)
3331 W. Big Beaver Rd., Suite 109
Troy, MI 48084
Phone: (248) 677-1045
Fax: (248) 502-3187
Email: ctd@rivenoaklaw.com; ecf@rivenoaklaw.com
*Attorneys for Plaintiff House of Joppa, LLC*

---

## COMPLAINT AND JURY DEMAND

# **COMPLAINT AND JURY DEMAND**

This Declaratory Judgment action involves a necklace design and seeks a declaration of non-infringement or, in the alternative, invalidity of two design patents, and a declaration of non-infringement of two copyright registrations under the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202, the Patent Laws of the United States, 35 U.S.C. §§ 100 *et seq.,* and the Copyright Laws of the United States, 17 U.S.C. §101 *et seq*. Defendants' conduct has also given rise to Plaintiff's additional claims under the Lanham Act (15 U.S.C. § 1125(a)(1)(B)) and Michigan Consumer Protection Act (MCL §§ 445.901 *et seq*.). Plaintiff House of Joppa, LLC ("Plaintiff" or "House of Joppa") makes the following claims against The Little Catholic, LLC ("The Little Catholic" or "TLC") and Priscilla Huerta a/k/a Priscilla Durant ("Huerta") (collectively, the "Defendants"), demands a jury trial, and alleges as follows:

## **I. THE PARTIES**

1. Plaintiff is a Michigan limited liability company with a principal place of business in Plymouth, Michigan.

2. Upon information and belief, Defendant The Little Catholic, LLC is a California limited liability company organized and existing under the laws of the State of California, with its principal place of business at 25261 Bentley Lane,

Laguna Hills CA 92653. Upon information and belief, Defendant Huerta is the sole owner of TLC.

3. Upon information and belief, Priscilla Huerta a/k/a Priscilla Durant is a resident of Laguna Hills, CA.

## II. NATURE OF THE ACTION

4. This is an action for declaratory judgment seeking a determination under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, that House of Joppa does not infringe any valid or enforceable claim of U.S. Patent Nos. D1,012,750 (the "'750 Patent") and D1,043,407 (the "'407 Patent") under 35 U.S.C. §271, or in the alternative, that the '750 Patent and the '407 Patent are invalid. Collectively, these are the "Asserted Patents" and true copies from the online records of the U.S. Patent and Trademark Office are attached at Exhibits A and B.

5. On information and belief, Defendant Huerta is the named inventor and The Little Catholic, LLC is the applicant and owner of the Asserted Patents.

6. This is an action for declaratory judgment seeking a determination under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, that House of Joppa does not infringe any valid or enforceable claims of U.S. Copyright Registration Nos. VA0002209979 and Vau001510355 under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*. (the "Asserted Copyrights"). True copies of the

copyright registration certificates with deposit copies of the Asserted Copyrights are attached at Exhibits C and D.

7. On information and belief, Defendant Huerta is the author and copyright claimant for the Asserted Copyrights.

8. This is also an action for commercial disparagement and false advertising under Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. §§ 1121, 1125(a)(1)(B), and for supplemental state-law claims under the Michigan Consumer Protection Act ("MCPA"), MCL § 445.901 *et seq*.

## III. JURISDICTION AND VENUE

9. The Court has original subject-matter jurisdiction over Counts 1 through 7 pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, 28 U.S.C. §§ 1331 and 1338(a), the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, and the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*, and the Lanham Act, 15 U.S.C. § 1121 *et seq.*, because an actual, immediate, and justiciable controversy exists between Plaintiff and Defendants regarding the non-infringement and invalidity of the Asserted Patents and the Asserted Copyrights.

10. The Court has supplemental subject-matter jurisdiction over Count 8 pursuant to 28 U.S.C. § 1367(a) because the state-law claims are so related to the federal claims within this Court's original jurisdiction that they form part of the same

case or controversy under Article III of the United States Constitution, arising out of Defendants' conduct.

11. On information and belief, the Court has personal jurisdiction over Defendants because Defendants market, sell, and offer products for sale to consumers in this District through their website and purposefully directed their communications, including the Demand Letter (*infra* ¶45), and published online statements into Michigan with knowledge that the resulting reputational and commercial harm would be suffered by Plaintiff in this District.

12. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendants are subject to personal jurisdiction in this District with respect to this action.

## IV. The Substantial Controversy Between the Parties

### *A) The House of Joppa Hearts of the Holy Family Necklace*

13. Founded in 2019, Plaintiff House of Joppa, LLC ("House of Joppa") is a family-owned small business and online gift shop based in Southeastern Michigan featuring Christian-themed gifts, religious jewelry, devotions, and other pieces that integrate Catholic art and traditional iconography for a modern lifestyle. The name was inspired by a verse honoring a faithful disciple from Joppa renowned for her

charity and good works. House of Joppa operates with reverence, grace, and a commitment to helping people bring their faith into their daily lives.

14. For many years prior to this dispute, House of Joppa has sold wooden and resin wall sculptures and medallions featuring a centuries-old Catholic devotion, the Hearts of the Holy Family. *See* Ex. E (HOJ website featuring Holy Family Gifts).

15. For centuries, the Hearts of the Holy Family has been depicted using a standard, public domain visual vocabulary: the Sacred Heart of Jesus (with thorns), the Immaculate Heart of Mary (with a sword and roses), and the Chaste Heart of St. Joseph (with lilies), each topped with flames. Ex. F (Demand letter at pg. 2 ("[T]he individual Sacred Hearts of Jesus, Mary, and Joseph have been depicted for centuries in traditional two-dimensional Catholic artwork…")).

16. The visual arrangement of the Hearts of Jesus, Mary, and Joseph connected in a row on a three-dimensional, wearable piece of jewelry has existed in the public domain for over a century. By way of example, without limitation, the Archconfraternity of the Holy Family, a Catholic organization founded in 1844, has long adopted a medallion that features a three-dimensional design of the three hearts

of the Holy Family in a horizontal row in the following order left to right: Mary, Jesus, Joseph. One example of the medallion is shown below. Ex. J (image of the medal).




17. On or about October, 2026, House of Joppa introduced a unique stylized necklace design inspired by the Hearts of the Holy Family iconography featuring three hearts arranged in an arc (the "HOJ Necklace"). Ex. G.

18. The HOJ Necklace features the Immaculate Heart of Mary to a viewer's left (the "HOJ Mary Heart"), the Sacred Heart of Jesus in the center (the "HOJ Jesus Heart") and the Chaste Heart of St. Joseph to the right (the "HOJ Joseph Heart") (together, the "HOJ Hearts").

19. Among other characteristics, the HOJ Necklace features:

a. Flames atop all three HOJ Hearts with stylized contours, with each heart demonstrating different flame patterns.

b. The bottom point of the HOJ Jesus Heart sits lower than the bottom points of the exterior HOJ Hearts. All three HOJ Hearts are full and puffy.

c. A stylized sword hilt on the HOJ Mary Heart with a twisted grip, a straight crossbar guard, and a knob-shaped pommel. The grip, crossbar guard, and pommel do not touch the heart but stand atop the sword shaft, which is visible above the heart. The HOJ Mary Heart also features four roses scattered horizontally with leaves.

d. Interlacing thorny vines featuring 11 thorns with spaces and gaps between the vines in an over/under configuration on the Jesus Heart.

e. A lily with five petals and a closed bud on a stem with leaves on the St. Joseph Heart.

f. Chain attachment loops mounted on small posts and turned perpendicular to the skin of the wearer so the open loop faces up to meet the first loop of the chain.

Ex. G.

20. House of Joppa sold fewer than fifty (50) units of the HOJ Necklace before removing the product from the market.

21. An image of the HOJ necklace is shown below:



Ex. G.

***B) Defendants' Registered Intellectual Property***

22. On information and belief, Defendant TLC is an online retailer based in California that designs, manufactures, and sells Catholic merchandise and jewelry.

23. On Jan. 30, 2024, the U.S. Patent and Trademark Office ("USPTO") issued the '750 Patent in the name of Applicant The Little Catholic, LLC. The claim is shown in part as follows:



FIG. 2

Ex. A.

24. The ‘750 Patent features the Heart of Mary on the left (“Def’s Mary Heart”), the Heart of Jesus in the center (“Def’s Jesus Heart”), and the Heart of Joseph on the right (“Def’s Joseph Heart”).

25. In part, the ‘750 Patent includes the following design elements:

A) Flames only on Def’s Joseph Heart with nine separate flame peaks and flame contours;

B) The top lobes and bottom points of all three hearts are level and no one heart sits below another;

C) A stylized Sword on Def’s Mary Heart with five horizontal, non-twisting grooves on the grip and a curved guard without any pommel. The shaft of the sword is not visible above the heart, and the guard touches the heart;

D) Eleven rose blooms without leaves on Def’s Mary Heart;

E) Fifteen thorns on the Heart of Jesus with three vines in a specific closed and overlapping configuration;

F) A single rose stem on Def’s Heart of Joseph featuring a blooming rose with two rosebuds and six leaves;

G) Chain attachment loops attached and merged with the exterior hearts and oriented parallel to the skin of the wearer.

Ex. A.

26. The HOJ Necklace is different from and not substantially the same as the design claimed in the ‘750 Patent. A comparison chart detailing the obvious design differences and missing elements between the HOJ Necklace and the claim of the ‘750 Patent, from the perspective of an ordinary observer, is shown in Exhibit H.

27. In the course of obtaining the ‘750 Patent, Defendant requested an amendment to expand its design. The Examiner rejected the amendment due to lack of support. Ex. I.

28. Some of these changes included an attempt to change the overall shape of the hearts, to change the orientation of the chain attachment loops, and to change the shape of the flames, among other changes. The Examiner found the proposed differences to be outside the scope of the patent application, stating “**there is no basis in the original disclosure for the following matter”** [emphasis in original]. Ex. I at pgs. 2-3 (listing rejections and elements outside the scope of the claim).

29. Also in the course of obtaining the ‘750 Patent and the ‘407 Patent, despite acknowledging that the Hearts of the Holy Family iconography has been present for centuries, Defendant failed to disclose examples of such iconography as material prior art. *See* Ex. F (Demand letter at pg. 2); Ex. A (listing disclosure on issued ‘750 Patent).

30. Defendant failed to disclose the Archconfraternity of the Holy Family medal, identified above, as material prior art in connection with the '750 Patent. Ex. A.

31. On June 2, 2020, Huerta filed a copyright application for a Hearts of the Holy Family necklace design. The U.S. Copyright Office issued copyright registration VA 2-209-979 for a work entitled Holy Family Hearts (the "'979 Registration"). *See* Ex. C.

32. The work claimed in the '979 Registration is substantially similar to what is depicted in the claim of the '750 Patent. Ex. C.

33. The HOJ Necklace does not copy and is not substantially similar to the work claimed in the '979 Registration. *See, supra* ¶¶19, 21, 24, 25.

34. On November 3, 2023, Huerta filed a copyright application for a work entitled "Holy Family Hearts: Jesus, Joseph, Mary and 3 other Unpublished Works." The U.S Copyright Office issued copyright registration Vau 1-510-355 for a work entitled Holy Family Hearts: Jesus, Joseph, Mary and 3 Other Unpublished Works (the "'355 Registration"). Ex. D

35. The works claimed in the '355 Registration feature similar heart designs as the claims of the Asserted Patents. *Id.*

36. The works claimed in the ‘355 Registration claims permutations of the hearts arranged in different orders, specifically: “Jesus, Joseph, Mary; Jesus, Mary, Joseph; Joseph, Mary, Jesus; Mary, Joseph, Jesus.” *Id.*

37. The work claimed in the ‘355 Registration features designs with the Heart of Joseph or the Heart of Mary in the center. It does not feature a work with the Heart of Jesus in the center. *Id.*

38. The HOJ Necklace does feature a Heart of Jesus in the center. It does not feature a Heart of Joseph or a Heart of Mary in the center. Ex. G.

39. The HOJ Necklace does not copy and is not substantially similar to the work claimed in the ‘355 Registration. *See also supra* ¶¶19, 21, 24, 25.

40. On or about September 24, 2024, the USPTO issued the ‘407 Patent to the Defendant The Little Catholic, LLC. Ex. B.

41. The ‘407 Patent claim discloses two hearts instead of three. Ex. B. An image of the claim in part is as follows:



FIG. 1

42. The design in the ‘407 Patent features two hearts; the HOJ Necklace features three. *Id.*

43. The HOJ Necklace is different from and not substantially the same as the design claimed in the ‘407 Patent. Ex. G.

44. On or about April 30, 2024, Defendant TLC filed an application to register a Hearts of the Holy Family necklace design as proprietary trade dress before the USPTO (U.S. Serial No. 98/526200). The Examiner rejected the application, noting that “[r]egistration is refused because the applied-for mark consists of a nondistinctive product design or nondistinctive features of a product design that is not registerable on the Principal Register without sufficient proof of distinctiveness.” *See* Ex. K, at pg. 2. Defendant failed to respond to the rejection and their application for their non-distinctive design was marked abandoned. *Id.*

***C) Defendants send House of Joppa a Demand Letter Claiming Willful Infringement***

45. On or about October 26, 2026, Defendants sent House of Joppa a letter re. “**Immediate Cease and Desist – Design Patent and Copyright Infringement**.” *See* Ex. F (the “Demand Letter”).

46. The Demand Letter alleged that the HOJ Necklace infringed Defendants’ Asserted Patents and Asserted Copyrights. *See id.*

47. The Demand Letter alleged the infringement was willful. *See id.*

48. The Demand Letter contained a monetary demand for $75,000. *See id.*

49. The demand letter included bolded subheadings such as **Design Patent Infringement**, **Copyright Infringement, and Willful and Intentional Infringement**, along with statements such as "**House of Joppa has appropriated TLC's specific patented designs, and its unauthorized manufacture, marketing, distribution, and sale of Infringing Jewelry constitute design patent infringement.**" *See* Ex. F. at pg. 3.

50. The Demand Letter directed House of Joppa to stop manufacturing or selling its HOJ Necklace or be subjected to an infringement action. *See* Ex. F.

51. The Demand Letter made only generalized conclusory statements to support these infringement allegations. Defendants did not identify or specify the elements of either claim disclosed by the Asserted Patents that formed the basis of their alleged patent infringement claim, nor did it identify the elements of the copyrighted works that formed the basis for the alleged copyright infringement claim. *See* Ex. F. at pg 2, 4.

52. The Demand Letter did not provide any support for its monetary demand for $75,000.

53. On information and belief, Defendant TLC has a history of pursuing litigation and making unreasonable demands, including but not limited to statutory

damages under the Copyright Act in connection with the Asserted Copyrights. Ex. L.

54. In *The Little Catholic, LLC et al. v. Katherin Giraldo et al.*, (Case No. 24-01239, C.D. Cal.), TLC sought an award of $150,000 in statutory damages for willful copyright infringement following an entry of default. *See* Ex. L.

55. In its August 9, 2024 Order in that case, the court found TLC submitted evidence of only one instance of the defendant selling an infringing product for $25. *Id.*

56. The court held that TLC's demand for damages was "vastly disproportionate to the documented harm suffered" and that "an award of $150,000 in damages here is unreasonable." Ex. L (Minute Order) (awarding token damages of $2,000).

57. House of Joppa has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the Asserted Patents, either literally or under the doctrine of equivalents.

58. House of Joppa has not infringed and does not infringe, either directly or indirectly, any valid or enforceable claim of the Asserted Copyrights.

59. By virtue of the foregoing, a substantial controversy exists between the Parties that is of sufficient immediacy and reality to warrant declaratory relief.

***D) Defendants' engage in a public campaign against House of Joppa***

60. On information and belief, the day after sending the Demand Letter, Defendants began a coordinated public campaign falsely accusing House of Joppa of stealing and copying the Defendant's Hearts of the Holy Family design. Ex. M.

61. On information and belief, Defendants own and/or control the content posted on three Instagram accounts: thelittlecatholic_, priscillachristine_, and thelittlecatholic (the "Defendants' Instagram Accounts"). *Id.*

62. On information and belief, Defendants published a statement on Defendants' Instagram Accounts without any factual basis or legal adjudication, falsely asserting that House of Joppa had "stolen" Defendants' jewelry design. *Id.*

63. On information and belief, Defendants' statement falsely asserting that House of Joppa had "stolen" Defendant's jewelry design had significant user engagement with hundreds of likes, and many comments and reposts. *Id.*

64. On information and belief, Defendants' untrue statement falsely asserting that House of Joppa had "stolen" Defendant's jewelry design remains published and publicly available as of the date of the filing of this Complaint. *Id.*

65. On information and belief, Defendants published statements on one or more of Defendants' Instagram Accounts that contained further disparaging statements, specifically claiming that House of Joppa sells a "poorly made copy," and that its customers are "misled." *Id.*

66. On information and belief, Defendants made additional statements on one or more of Defendant's Instagram Accounts that labeled House of Joppa's HOJ Necklace, "THE HOJ KNOCK OFF." *Id.*

67. On information and belief, in response to an unsubstantiated user comment about Plaintiff's products, Defendant made a statement on thelittlecatholic_ account, "Tell me who shes [sic] stole from so I can tell the businesses," actively soliciting rumors and threatening to interfere with Plaintiff's commercial relationships. *Id.*

68. Defendant's disparaging campaign had an immediate, negative impact on Plaintiff's business and reputation.

69. On information and belief, in response to Defendant's accusations on one or more of Defendant's Instagram Accounts, one user explicitly stated on Instagram that they had "Unfollowed House of Joppa. Theft in business is bad on its own, but especially by a Catholic business." *Id.*

70. On information and belief, as a direct result of Defendant's disparaging statements on one or more of Defendant's Instagram Accounts, consumers publicly declared their refusal to do business with Plaintiff, with one user stating, "Im [sic] so glad I didn't purchase from them". *Id.*

71. On information and belief, the publication of Defendants' disparaging statements on one or more of Defendants' Instagram Accounts was visible to not only direct purchasers, but the wider Catholic retail community and general public.

72. This publication of Defendants' disparaging statements on one or more of Defendants' Instagram Accounts irreparably damaged Plaintiff's goodwill and brand reputation among consumers who may now falsely associate House of Joppa with intellectual property theft.

73. As a result of Defendants' conduct, Plaintiff has suffered harm to its reputation, loss of audience, lost sales, and incurred costs in responding to these statements.

74. On November 5, 2026, Plaintiff's counsel contacted Defendant's counsel in an attempt to resolve the matter but the matter was not resolved.

**COUNT I**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. D1,012,750**

75. Plaintiff repeats and realleges Paragraphs 74 as if fully restated herein.

76. Defendant TLC claims to be the owner and assignee of all rights, title and interest in and under the '750 Patent.

77. Defendants have accused House of Joppa of infringement of the '750 Patent and created actual, justiciable controversy exists between Plaintiff and

Defendant regarding the infringement of the ‘750 Patent, warranting declaratory relief.

78. House of Joppa has not infringed and is not infringing, either directly or indirectly, nor has it willfully infringed the claim of the ‘750 Patent, either literally or under the doctrine of equivalents, through their marketing, using, selling and/or offering to sell, in the United States and/or importing into the United States, one or more of the HOJ Necklaces.

79. Accordingly, House of Joppa is entitled to a declaratory judgment that it has not infringed and does not infringe the ‘750 Patent.

**COUNT II**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. D1,043,407**

80. Plaintiff repeats and realleges Paragraphs 79 as if fully restated herein.

81. Defendant TLC claims to be the owner and assignee of all rights, title and interest in and under the ‘407 Patent.

82. Defendants have accused House of Joppa of infringement of the ‘407 Patent and created actual, justiciable controversy exists between Plaintiff and Defendant regarding the infringement of the ‘407 Patent, warranting declaratory relief.

83. House of Joppa has not infringed and is not infringing, either directly or indirectly, nor has it willfully infringed the claim of the ‘407 Patent, either literally

or under the doctrine of equivalents, through their marketing, using, selling and/or offering to sell, in the United States and/or importing into the United States, one or more of the HOJ Necklaces.

84. Accordingly, House of Joppa is entitled to a declaratory judgment that it has not infringed and does not infringe the ‘407 Patent.

**COUNT III**
**DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. D1,012,750**

85. Plaintiff repeats and realleges Paragraphs 84 as if fully restated herein.

86. Defendant TLC contends that the ‘750 Patent is valid and has created an actual, justiciable controversy exists between Plaintiff and Defendant regarding the validity of the ‘750 Patent, warranting declaratory relief.

87. The claim of the ‘750 Patent is invalid because it fails to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, 112 and/or 171 and 37 C.F.R. §1.56.

88. Specifically, the claimed design is anticipated or rendered obvious by prior art, including but not limited to the art disclosed in Paragraph 16 and at Exhibit J.

89. Accordingly, House of Joppa is entitled to a declaratory judgment that the claim of the ‘750 Patent is invalid.

## COUNT IV
## DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. D1,043,407

90. Plaintiff repeats and realleges Paragraphs 88 as if fully restated herein.

91. Defendant TLC contends that the ‘407 Patent is valid and has created an actual, justiciable controversy exists between Plaintiff and Defendant regarding the validity of the ‘407 Patent, warranting declaratory relief.

92. The claim of the ‘407 Patent is invalid because it fails to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, 112 and/or 171 and 37 C.F.R. §1.56.

93. Specifically, the claimed design is anticipated or rendered obvious by prior art, including but not limited to the art disclosed in Paragraph 16 and at Exhibit J.

94. Accordingly, House of Joppa is entitled to a declaratory judgment that the claim of the ‘407 Patent is invalid.

## COUNT V
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF COPYRIGHT REGISTRATION NO. VA0002209979

95. Plaintiff repeats and realleges Paragraphs 92 as if fully restated herein.

96. House of Joppa has not infringed and is not infringing, either directly or indirectly, nor has it willfully infringed any copyright identified in the '979 Registration.

97. The traditional Catholic iconography comprising the Hearts of the Holy Family, including hearts, including but not limited to hearts arranged in a row on jewelry, flames, swords, roses, lilies, and thorns, are centuries old and reside in the public domain.

98. Excluding these unprotectable public domain elements, the HOJ Necklace is not substantially similar to any original, protectable expression claimed in the '979 Registration, as the HOJ Necklace features materially different original sculpting, floral work, and structural layout as detailed in Paragraph 20 above.

99. Accordingly, House of Joppa is entitled to a declaratory judgment that it has not infringed and does not infringe the copyright identified in the '979 Registration.

## COUNT VI
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF COPYRIGHT REGISTRATION NO. VAu001510355

100. Plaintiff repeats and realleges Paragraphs 97 as if fully restated herein.

101. House of Joppa has not infringed and is not infringing, either directly or indirectly, nor has it willfully infringed any copyright identified in the '355 Registration.

102. The traditional Catholic iconography comprising the Hearts of the Holy Family, including hearts, including but not limited to hearts arranged in a row on jewelry, flames, swords, roses, lilies, and thorns, are centuries old and reside in the public domain.

103. Excluding these unprotectable public domain elements, the HOJ Necklace is not substantially similar to any original, protectable expression claimed in the '355 Registration, as the HOJ Necklace features the Heart of Jesus in the center and the work in the ‘355 Registration features either the Heart of Joseph or the Heart of Mary in the center, as detailed in Paragraphs 36-38, *supra*.

104. Accordingly, House of Joppa is entitled to a declaratory judgment that it has not infringed and does not infringe the copyright identified in the ‘355 Registration.

**COUNT VII**
**COMMERCIAL DISPARAGEMENT/FALSE ADVERTISING UNDER THE LANHAM ACT**

105. Plaintiff repeats and realleges Paragraphs 102 as if fully restated herein.

106. Defendants have made false or misleading statements of fact in commercial advertising or promotion concerning the nature, characteristics, and qualities of Plaintiff’s goods and commercial activities.

107. Specifically, Defendants published false and misleading statements on one or more of Defendants’ Instagram Accounts asserting that Plaintiff’s HOJ

Necklace was a "stolen" design, endorsing a follower's description of it as a "fake," and a "poorly made copy" or "knock off." These statements were made in bad faith.

108. These statements actually deceived, or had the tendency to deceive, a substantial segment of the relevant consumer audience, misleading them into believing that Plaintiff engages in intellectual property theft and sells unauthorized, low-quality counterfeit goods.

109. Defendants' false and misleading statements were material, as evidenced by consumers explicitly stating that they "Unfollowed House of Joppa" and "were so glad I didn't purchase from them" directly in response to the statements.

110. Defendants caused their false and misleading statements to enter interstate commerce by publishing and disseminating them widely on the internet and social media.

111. As a direct and proximate result of Defendants' false and disparaging statements, Plaintiff has suffered and continues to suffer significant competitive and commercial injuries, including but not limited to direct loss of sales, loss of prospective customers, loss of social media audience, and substantial damage to its brand reputation and goodwill.

## COUNT VIII
## DISPARAGEMENT AND UNFAIR TRADE PRACTICES UNDER THE MICHIGAN CONSUMER PROTECTION ACT

112. Plaintiff repeats and realleges Paragraphs 109 as if fully restated herein.

113. Defendants are engaged in "trade or commerce" within the meaning of MCL § 445.902(1)(g), and the jewelry products at issue are goods advertised, offered, and sold primarily for personal, family, or household purposes.

114. Defendants engaged in unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce in violation of MCL § 445.903(1) by disparaging the goods, services, business, or reputation of Plaintiff by false or misleading representations of fact on one or more of Defendants' Instagram Accounts in violation of MCL § 445.903(1)(f).

115. Specifically, Defendants' false assertions of theft, its labeling of Plaintiff's goods as "knock offs," endorsement of a follower's description of it as a "fake," and its active solicitation of third parties to report Plaintiff's business practices were calculated to unfairly damage Plaintiff's business and reputation in the marketplace.

116. To the extent Defendants' disparaging statements reference Defendants' purported patent or copyright rights, Defendants' public misrepresentations were objectively baseless, made in subjective bad faith, and

involved affirmative false statements of theft directed to consumers in the marketplace rather than good-faith notice of intellectual property rights.

117. As a direct and proximate result of Defendants' unlawful disparagement, Plaintiff has suffered loss and injury—including diverted consumer sales and damage to its business reputation—entitling Plaintiff to declaratory and injunctive relief, actual damages, and reasonable attorneys' fees pursuant to MCL § 445.911.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendants as follows:

a. A declaratory judgment pursuant to 28 U.S.C. § 2201 that Plaintiff has not infringed and does not infringe any valid and enforceable claim of U.S. Patent No. D1,012,750 or U.S. Patent No. D1,043,407;

b. A declaratory judgment pursuant to 28 U.S.C. § 2201 that each claim of U.S. Patent No. D1,012,750 and U.S. Patent No. D1,043,407 is invalid;

c. A declaratory judgment pursuant to 28 U.S.C. § 2201 that Plaintiff has not infringed and does not infringe U.S. Copyright Registration No. VA0002209979 or U.S. Copyright Registration No. VAu001510355;

d. An injunction pursuant to which Defendants, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with

them are enjoined from: (i) asserting the Asserted Patents or Asserted Copyrights against Plaintiff, its customers, distributors, or suppliers; (ii) publishing or disseminating false or misleading statements in any media regarding the quality or authenticity of Plaintiff's products, including but not limited to claims that Plaintiff stole Defendants' jewelry designs, sells infringing products, or engages in intellectual property theft; (iii) filing any further intellectual property takedown notices, strikes, or complaints with third party platforms regarding the HOJ Necklace while the litigation is pending; and (iv) contacting, directly or indirectly, Plaintiff's manufacturers, suppliers, distributors, or customers regarding allegations of infringement regarding the HOJ Necklace.

e. An order requiring Defendants to remove all false and disparaging social media posts regarding Plaintiff and to publish corrective notices and retractions on their social media platforms and to any third-party businesses contacted by Defendants, pursuant to 15 U.S.C. § 1116;

f. An order requiring Defendants to preserve all digital evidence, including all public and hidden social media comments, direct messages, and archived stories relating to Plaintiff, the HOJ Necklace, or Defendants' statements;

g. A judgment awarding Plaintiff the Defendant's profits, Plaintiff's actual damages, treble damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a);

h. A judgment awarding Plaintiff actual damages or statutory damages of $250.00 (whichever is greater), injunctive relief, and reasonable attorneys' fees pursuant to MCL § 445.911;

i. An award of restitution against Defendants and in favor of Plaintiff, including disgorgement of wrongfully obtained profits and any other appropriate equitable relief;

j. A declaration that this case is exceptional under 35 U.S.C. § 285 and 15 U.S.C. § 1117(a), and awarding Plaintiff its reasonable attorneys' fees and costs under 35 U.S.C. § 285, 17 U.S.C. § 505, and 15 U.S.C. § 1117(a);

k. That Defendants, jointly and severally, be ordered to pay all costs associated with this action; and

**l.** A judgment awarding Plaintiff such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b) and E.D. Mich. LR 38.1, Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: November 16, 2026

Respectfully submitted,

**RIVENOAK LAW GROUP, P.C.**

By: /s/ Catherine T. Dobrowitsky
P63245
3331 W. Big Beaver Rd., Suite 109
Troy, Michigan 48084
Phone: (248) 677-1045
Fax: (248) 502-3187
Email: ctd@rivenoaklaw.com;
ecf@rivenoaklaw.com
*Attorneys for Plaintiff House of Joppa, LLC*